IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ATLANTIC USA, INC. | § | |
| | § | |
| *vs.* | § | C.A. NO. H – 11 – 4023 |
| | § | ADMIRALTY |
| M/V LADY TRAMP, *her tackle,* | § | |
| *apparel, furniture, equipment, et al.* | § | |

## *ORIGINAL COMPLAINT*

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Atlantic USA, Inc., doing business as Atlantic Cocoa Company, files this Original Complaint against Defendants, the M/V LADY TRAMP, *in rem*, and Unicargo Transportgesellschaft mbH ("Unicargo"), *in personam*, and for causes of action respectfully will prove by a preponderance of the credible evidence:

1. This action arises from damage and loss to maritime cargos, a maritime tort and/or breach of a maritime contract. Accordingly, the Court has original jurisdiction of this admiralty and maritime claim under 28 U.S.C. §1333(1).

2. Plaintiff is a New York Corporation with its principal place of business in New York, New York.

3. At all times material, Unicargo owned, chartered, managed and/or operated the M/V LADY TRAMP as a common carrier of goods by water for hire between various ports, including the Ports of San Pedro, Ivory Coast, Philadelphia and

Houston. Unicargo is a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by carrying cargo aboard vessels to and from Texas, operating and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code. Unicargo is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas. Alternatively, although Unicargo may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and Unicargo has sufficient national minimum contacts with the United States as a whole. The exercise of personal jurisdiction over Unicargo is consistent with the Constitutions and other laws of the United States and Texas. Accordingly, serving Unicargo with a summons is effective to establish personal jurisdiction over it. Unicargo can be served by serving the Texas Secretary of State. Process or notice can be sent to Unicargo at its office at Hallerstrasse 53, 20146 Hamburg, Germany.

4. On or about December 26, 2010, Plaintiff's shipper tendered in good order and condition to Unicargo at San Pedro cargos of bags of cocoa beans for carriage aboard the M/V LADY TRAMP. Unicargo agreed safely to receive, handle, load, stow, secure, carry, discharge and deliver at Philadelphia all of the cargos in the

same good order and condition as when received, in consideration of paid freight charges. Unicargo acknowledged receipt of the cargos in good order and condition and, accordingly therewith, issued various bills of lading including Bills of Lading Nos. UCGOLADYSANP 16 through 20 at San Pedro, free of exceptions or other notations for loss or damage, and loaded the cargos aboard the M/V LADY TRAMP.

5. Thereafter, on or about January 17, 2011, the M/V LADY TRAMP arrived at Philadelphia where Unicargo later discharged the cargos, not in the same good order and condition as when received but, on the contrary, much of the cargos were short, slack, missing and otherwise physically damaged or lost. The damages and loss proximately resulted from Unicargo's acts and/or omissions constituting negligence, breach of contract, breach of bailment and/or violation(s) of the duties of a common carrier of goods by water for hire. Alternatively, the loss proximately resulted from the unseaworthiness of the M/V LADY TRAMP.

6. Plaintiff proximately has sustained damages exceeding $16,523.41 plus interest dating from December 26, 2010, demand for which has been made upon Unicargo, but which it refuses to pay.

7. At all times material, Plaintiff owned the cargos and/or brings this action for itself and/or as agent and/or trustee for all persons or entities, including any insurer(s), that are or become interested in the cargos.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Atlantic USA, Inc. prays that: process in due form of law according to the practices of this Honorable Court in causes of admiralty and maritime jurisdiction issue against the M/V LADY TRAMP,

her engines, tackle, apparel, furniture, equipment, *etc.*; all persons claiming an interest therein be required to appear and answer under oath, all and singular, the matters aforesaid; it have judgment for its damages, interest, and costs; the M/V LADY TRAMP be condemned and sold to satisfy the damages aforesaid; and,

This Honorable Court adjudge that the M/V LADY TRAMP, *in rem*, and Unicargo Transportgesellschaft mbH, *in personam*, are liable to Plaintiff, jointly and severally, for its alleged damages, pre–judgment interest, post–judgment interest, court costs and all other relief as justice and equity allow.

Respectfully submitted,

*SHARPE & OLIVER, L.L.P.*

By _____
Robert C. Oliver
State Bar No. 15255700
S. D. Texas No. 886
550 Westcott, Suite 230
Houston, Texas 77007
Telephone:   (713) 864–2221
Facsimile:    (713) 864–2228

OF COUNSEL:

R. M. Sharpe, Jr.
State Bar No. 18129000
S. D. Texas No. 889

ATTORNEYS   FOR   PLAINTIFF